IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAWRENCE RAY COOK,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> **CLAUDE MAYE,** ) <br> ) <br> **Respondent.** ) <br> ) | **CIVIL ACTION** <br><br> **No. 15-3188-KHV** |

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, is serving a sentence imposed under the Armed Career Criminal Act ("ACCA"). U.S. v. Cook, 2009 WL 872465 (D. Neb. 2009). He seeks relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015)[1].

**Analysis**

A federal prisoner may pursue relief under 28 U.S.C. § 2241 to "attack[] the execution of a sentence rather than its validity." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Ordinarily, a person convicted of a federal crime may challenge the conviction by a direct appeal, or, once an appeal is complete, by resort to a motion filed pursuant to 28 U.S.C. § 2255.

---

[1] Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" Johnson, 133 S.Ct. at 2555. The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The final clause of Section 924(e)(2)(B)(ii) - "or otherwise involves conduct that presents a serious potential risk of physical injury to another" - is known as the residual clause. In Johnson, the Supreme Court held that this provision is unconstitutionally vague and violates due process. Johnson, 135 S.Ct. at 2557.

A motion under Section 2255 is "generally the exclusive remedy" for a federal prisoner challenging the legality of custody. Fay v. Maye, 608 Fed. Appx. 667, 2015 WL 3605665, at 1 (10th Cir. June 10, 2015)(citation omitted).

A federal prisoner may challenge the legality of a conviction under Section 2241 under limited circumstances established by the so-called "savings clause." Under that provision, a prisoner may proceed under Section 2241 if the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of showing that the remedy under Section 2255 is inadequate or ineffective. Prost v. Anderson, 636 F.3d 578, 583-84 (10th Cir. 2011).

Here, petitioner's claims challenge the validity of his conviction and sentence. He does not allege that the statutory remedy under Section 2255 is inadequate or ineffective. Likewise, he does not state a claim for relief, as the Tenth Circuit has determined that Johnson is not retroactive. See In re Gieswein, ___ F.3d ___, 2015 WL 5534388 (10th Cir. Sep. 21, 2015) (Johnson announced new rule of constitutional law but does not apply retroactively). Accordingly, petitioner is not entitled to proceed under Section 2241 and this matter must be dismissed for lack of jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED** that this matter be **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2015 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge